**LENSINGER, Plaintiff-Appellee, v. MIAMI SAVINGS & LOAN COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1803. Decided July 8, 1944.

Harlan & Marshall, Dayton, for plaintiff-appellee.
Mason Douglass, Dayton, for defendant-appellant.

356

## OPINION

BY THE COURT:

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

The notice of appeal was on law and fact but on April 22, 1944, our Court decided that the case could not be heard de novo but that the same would be retained as an appeal on law and appellant given fifteen days within which to prepare and have allowed its Bill of Exceptions. Since that time a Bill of Exceptions has been filed as have been the assignments of errors and brief of counsel.

Plaintiff in his petition prayed that his account with the defendant be designated as a savings account. The account was carried in the association as a stock account.

Actions of this character have very frequently been filed and on numerous occasions we have had the same on review. No two cases are exactly alike in their facts. We have repeatedly held that each case must be determined upon its particular stated facts.

In the instant case the trial court found in favor of the plaintiff and ordered the defendant association to issue to plaintiff a certificate of claim as a depositor and creditor in the sum of $4,400.38 together with interest.

Defendant-appellant's assignments of errors are set out in four separately stated and numbered specifications. These may be re-classified under a single assignment that the finding and judgment of the trial court was contrary to the weight of the evidence and therefore contrary to law.

Thereby the sole question for our determination is one of fact and required a very careful reading and analysis of the Bill of Exceptions.

This we have done. We must approach this case upon the theory that the finding and judgment of the trial court is presumptively correct and can only be reversed if it affirmatively appears that such judgment was against the manifest weight of the evidence. We refrain from quoting the evidence since nothing less than a full statement would be adequate.

Our Court cannot reverse on the weight of the evidence except by the unanimous action of all three members of the court. Two members of the court think the case should be

reversed. It is the conclusion of the other member that there is sufficient evidence to support the trial court's finding and judgment.

In this situation the judgment of the trial court will be affirmed and costs in this court will be adjudged against the defendant-appellant.

Cause remanded for collection of costs and such other action as may be required under law. Entry may be prepared accordingly.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.